# In the United States Court of Federal Claims

OFFICE OF SPECIAL MASTERS
No. 13-810V
Filed: July 10, 2014
Not for Publication

```
*************************************
MAVIS E. LUTHER,                     *
                                     *
              Petitioner,            *
                                     *        Damages decision based on
v.                                   *        stipulation; flu vaccine; GBS;
                                     *        peripheral neuropathy; fees and costs
SECRETARY OF HEALTH                  *        decision based on stipulation
AND HUMAN SERVICES,                  *
                                     *
              Respondent.            *
                                     *
*************************************
```

Richard H. Moeller, Sioux City, IA, for petitioner.
Debra A. Filteau Begley, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING DAMAGES AND ATTORNEYS' FEES AND COSTS[1]

      On July 10, 2014, the parties filed the attached stipulation in which they agreed to settle this case and described the settlement terms. Petitioner alleges that she suffered from Guillain-Barré Syndrome ("GBS") and/or peripheral neuropathy ("PN") as a result of her receipt of influenza ("flu") vaccine on October 10, 2012. Petitioner further alleges that she suffered the residual effects of this injury for more than six months. Respondent denies that petitioner's GBS and/or PN, or any other condition, was caused by her flu vaccination. Nonetheless, the parties agreed to resolve this matter informally.

      The court finds the terms of the stipulation to be reasonable, hereby adopts the parties'

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

stipulation, and awards compensation in the amount and on the terms set forth therein. Pursuant to the attached stipulation, the court awards $18,000.00 for reimbursement for all damages that would be available under 42 U.S.C. § 300aa-15(a) (2006).

The parties have also agreed on an appropriate amount for attorneys' fees and costs in this case. In accordance with General Order #9, petitioner asserts that she did not incur out-of-pocket expenses in pursuit of her petition. Petitioner requests $8,505.04 in attorneys' fees and costs. Respondent does not object to this amount. The undersigned finds this amount to be reasonable.

In sum, the court awards:

a. a lump sum of **$18,000.00**, representing compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a). The award shall be in the form of a check made payable to petitioner in the amount of **$18,000.00**; and

b. a lump sum of **$8,505.04**, representing reimbursement for attorneys' fees and costs. The award shall be in the form of a check made payable jointly to petitioner and Richard H. Moeller, Esq. in the amount of **$8,505.04.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: July 10, 2014                                                                              /s/ Laura D. Millman
                                                                                                            Laura D. Millman
                                                                                                            Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| MAVIS E. LUTHER, | |
| Petitioner, | No. 13-810V |
| | SPECIAL MASTER |
| v. | LAURA MILLMAN |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## STIPULATION

The parties hereby stipulate to the following matters:

1. Petitioner filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Petitioner received her flu immunization on October 10, 2012.

3. The vaccine was administered within the United States.

4. Petitioner alleges that she developed Guillain-Barré syndrome ("GBS") and/or a peripheral neuropathy ("PN") that was caused-in-fact by her flu vaccination, and that petitioner experienced residual effects of her injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on her behalf as a result of her condition.

6. Respondent denies that petitioner's GBS and/or PN, or any other condition, was caused-in-fact by her flu vaccination.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

   a. A lump sum of $18,000.00 in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a); and

   b. A lump sum of $8,505.04 in the form of a check jointly payable to petitioner and petitioner's attorney, Richard H. Moeller, for attorneys' fees and costs available under 42 U.S.C. § 300aa-15(e), and, in compliance with General Order #9, no out-of-pocket expenses were incurred by petitioner in proceeding on the petition.

9. Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

10. Payments made pursuant to paragraph 8 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

11. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, the money provided pursuant to this Stipulation

will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

12. In return for the payments described in paragraph 8, petitioner, in her individual capacity and on behalf of her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccination administered on October 10, 2012, as alleged by petitioner in a petition for vaccine compensation filed on or about October 17, 2013, in the United States Court of Federal Claims as petition No. 13-810V.

13. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

14. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended. There is absolutely no agreement on the part of the parties hereto to make any payment or to do

any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

16. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that that petitioner's GBS and/or PN, or any other condition, was caused-in-fact by her flu vaccination.

17. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

4

Respectfully submitted,

PETITIONER:

*[signature: Mavis E. Luther]*
MAVIS E. LUTHER

ATTORNEY OF RECORD FOR
PETITIONER:

*[signature]*
RICHARD H. MOELLER
300 U.S. Bank Building
501 Pierce Street
P.O. Box 3207
Sioux City, IA 51102
(712) 252-0020

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

*[signature: Vincent J. Matanoski by Catherine E.]*
VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

*[signature]*
A. MELISSA HOUSTON M.D., M.P.H., FAAP
Acting Director, Division of
Vaccine Injury Compensation
Acting Director, Countermeasures Injury
Compensation Program
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

ATTORNEY OF RECORD FOR
RESPONDENT:

*[signature]*
DEBRA A. FILTEAU BEGLEY
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-4181

Dated: 7/10/14